VORYS

52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008

614.464.6400 | vorys.com

Founded 1909

**Daniel J. Clark**
**Direct Dial (614) 464-6436**
**Direct Fax (614) 464-6436**
**Email djclark@vorys.com**

November 23, 2026

**VIA ECF:**

The Honorable Diane Gujarati, United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

***Re:*** ***Ritchie v. Safelite Fulfillment, LLC***
**Case No. 1:26-cv-05929-DG-JRC**
**Request for Pre-Motion Conference**

Dear Judge Gujarati:

We represent Defendant Safelite Fulfillment, LLC ("Defendant") in the above-captioned action. Pursuant to Rule III.A.1 of Your Honor's Individual Practice Rules, Defendant respectfully requests a pre-motion conference concerning Defendant's anticipated motion for judgment on the pleadings. Pursuant to FRCP 12(c), Defendant seeks dismissal of Plaintiff Roystan Ritchie's ("Plaintiff") Sixth Cause of Action—a Notice Upon Hiring Claim for alleged violations of New York Labor Law ("NYLL") § 195(1)(a) and (2).

As explained herein, Plaintiff's Sixth Cause of Action—as plead—fails on its face as a matter of law and should be dismissed.

## A. Plaintiff's Alleged Facts

Plaintiff alleges that Defendant employed him at its Queens location from approximately April 2007 through June 2025. Compl. ¶ 10. His Sixth Cause of Action alleges that Defendant failed to provide a written wage notice upon hiring under NYLL § 195(1)(a), provide notice of wage changes under § 195(2), and seeks damages for these alleged failures. *Id.* ¶¶ 121–29. The Complaint, however, does not allege that Plaintiff was ever separated from his employment and then rehired by Defendant after April 2007. Neither does the Complaint identify any particular change(s) in his pay information during his continued employment from April 2007 through June 2025. *Id.* ¶¶ 124–26.

VORYS



**B. Defendant's Anticipated Motion for Judgment on the Pleadings**

To survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sec. Alarm Fin. Enters., L.P. v. Citizens Bank, N.A.*, 2020 U.S. Dist. LEXIS 13081, at *7 (S.D.N.Y. Jan. 23, 2020) (internal citations and quotations omitted). Rule 12(c) motions should be granted when, based on such factual allegations, the moving party is entitled to judgment as a matter of law. *See id.* at *6.

Here, Plaintiff seeks damages for a hiring notice allegedly due when he began work in April 2007, before the Wage Theft Prevention Act ("WTPA") took effect on April 9, 2011. Defendant is well positioned to move for judgment on the pleadings because—in accepting Plaintiff's alleged hiring in April 2007 as true—Defendant is entitled to judgment as a matter of law.

NYLL § 195(1)(a) calls for a written notice specifying pay and employer information at the time of hiring. The WTPA's private damages remedy, however, does not apply retroactively to a pre-April 9, 2011 hire. As this Court recently explained in *Roma v. Carmili*, ***"employees hired prior to April 9, 2011, when the WTPA took effect, may not recover damages under Section 195(1) of the NYLL."*** 761 F. Supp. 3d 481, 490–91 (E.D.N.Y. 2024) (emphasis added); *see also Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 372 (E.D.N.Y. 2022) (holding that "'an employee who began work before the WTPA took effect on April 9, 2011, may not bring a claim for an employer's failure to provide wage notices'"), quoting *Pierre v. Hajar, Inc.*, No. 15-CV-02772 (ENV) (RLM), 2018 U.S. Dist. LEXIS 155030, at *14 (E.D.N.Y. Mar. 14, 2018); *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 510 (S.D.N.Y. 2017) (same); *Valle v. Gordon Chen's Kitchen LLC*, 254 F. Supp. 3d 665, 676 (S.D.N.Y. 2017) (rejecting § 195(1) notice claims where the employees "began their employment before April 9, 2011" and, therefore, "cannot raise claims under section 195(1)"). Because Plaintiff alleges he was hired in April 2007—prior to the WTPA's April 2011 enactment—his claim necessarily fails and should be dismissed. *Id.*

Moreover, NYLL § 198(3) sets a six-year statute of limitations for wage-notice claims under §§ 195(1)(a). Plaintiff filed this action on August 25, 2026. Even assuming a private claim could have accrued when the WTPA took effect on April 9, 2011, the six-year period expired in April 2017—*i.e.*, more than nine years before Plaintiff initiated this action. *See Baquedano v. Maldonado*, No. 1:20-cv-02728, 2022 U.S. Dist. LEXIS 106944, at *2 (E.D.N.Y. June 15, 2022) (dismissing a notice claim by an employee hired in 1997 who sued in 2020—roughly three years after even a hypothetical six-year period beginning in April 2011 would have expired: "Plaintiff's third cause of action is dismissed as the statute of limitations has run."). Accordingly, Plaintiff's Sixth Cause of Action fails for this additional reason and should be dismissed.

Finally, to the extent the Sixth Cause of Action invokes NYLL § 195(2), § 195(2) requires advance written notice of changes to specified pay information unless the changes are reflected on wage statements. Compl. ¶ 124. Fatal to Plaintiff's claim, § 195(2) has no corresponding private

VORYS



damages remedy: § 198(1-b) provides a remedy for violations of § 195(1), and § 198(1-d) for violations of § 195(3), but neither covers § 195(2). *See Baquedano*, 2022 U.S. Dist. LEXIS 106944 at *3 (rejecting a claim for failure to give notice of changes under § 195(2) because "Section 2 does not have a private right of action"); *Chan v. Big Geyser, Inc.*, No. 1:17-CV-06473 (ALC), 2018 U.S. Dist. LEXIS 148291, at *27-29 (S.D.N.Y. Aug. 30, 2018) (explaining that § 198 expressly provides private remedies for violations of § 195(1) and (3), but not § 195(2), and concluding that "this Court declines to infer a private right of action here").

Plaintiff also alleges only that Defendant failed to provide notice under § 195(2) but the Complaint does not identify any particular change to his pay information nor allege that any wage statement failed to reflect such a change. Compl. ¶ 126. *See Marte v. Baywood Hotels-Canopy By Hilton*, No. 3:25-CV-0869 (GTS/DJS), 2026 LX 225421, at *37 (N.D.N.Y. May 1, 2026) (dismissing § 195 notice claim despite an alleged October 2024 demotion because "Plaintiff does not appear to allege that she was not furnished with the wage statements required under this section, or that such statements did not reflect alleged changes to her pay rate"). Plaintiff's claim, therefore, fails for this additional reason.

Accordingly, even accepting Plaintiff's allegations as true, Defendant is entitled to judgment as a matter of law for the Sixth Cause of Action. Defendant, therefore, respectfully requests a pre-motion conference in anticipation of its motion for judgment on the pleadings to dismiss the Sixth Cause of Action.

Sincerely,

Daniel J. Clark

PORZIO, BROMBERG & NEWMAN, P.C.

Kerri A. Wright

cc: Oliver D. Frey, Esq. (odfrey@vorys.com)
Benjamin Goldstein, Esq. (b.goldstein@calljustice.com)